UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN DEFUSCO,<br><br>                    Plaintiff,<br><br>vs.<br><br>ZUORA, INC.,<br><br>                    Defendant. | Civil Action No. 1:20-cv-12212-DJC |

### OPPOSITION TO PLAINTIFF'S NOTICE OF TAKING 30(b)(6) DEPOSITION OF ZUORA, INC.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Zuora, Inc. ("Zuora" or "Defendant") hereby objects and responds to Plaintiff's Notice of 30(b)(6) Deposition of Defendant Zuora, Inc. ("Notice of 30(b)(6) Deposition"), which was served on June 10, 2022, with the deposition scheduled for June 28, 2022. The Notice of 30(b)(6) Deposition is attached hereto as Exhibit A for the Court's reference.

### Objections and Responses to Certain Subject Matter Topics Contained in the Notice of 30(b)(6) Deposition

1. *The facts, circumstances, and allegations described in Plaintiff's Complaint.*

Defendant objects to Topic Number 1 to the extent that it seeks the designation of a witness to testify as to facts and circumstances identified in Plaintiff's Complaint that are solely within the knowledge base of Plaintiff and/or individuals outside of the control of Defendant, and which are not otherwise reflected in the documents available to Defendant.

Subject to and without waiving its objections, Defendant will designate a witness to testify to Zuora's knowledge of facts, circumstances, and allegations described in Plaintiff's Complaint.

2. *The contract between the Zuora, Inc. and AICPA.*

Defendant objects to Topic Number 2 on the basis that there was no contract executed between Zuora, Inc. and AICPA.

Subject to and without waiving its objection, Defendant will designate a witness to testify concerning the agreement entered into between Zuora and Proquire, LLC, an affiliate of Accenture.

8. *The AICPA Transaction*

Defendant objects to Topic Number 8 because there was no contract executed between Zuora, Inc. and AICPA, and, thus, it is unclear what Plaintiff means by the "AICPA Transaction."

Subject to and without waiving its objection, Defendant will designate a witness to testify concerning the agreement entered into between Zuora and Proquire, LLC, an affiliate of Accenture.  Further, Defendant will designate a witness to testify as to any documented information regarding interactions between Zuora and AICPA during the relevant time period.

9. *The teaming of Zuora's US and UK groups as set forth in the Complaint.*

Defendant objects to Topic Number 9 as not describing with reasonable particularity the testimony sought because the phrase "teaming of Zuora's US and UK groups" is vague and undefined.

Subject to and without waiving its objections, Defendant will designate a witness to testify as to any documented information concerning the staffing of members from Zuora's US and UK Teams on the opportunity that closed with Proquire, LLC, an affiliate of Accenture.

*10. Accenture's role in the AICPA Transaction.*

Defendant objects to Topic Number 10 because there was no contract executed between Zuora, Inc. and AICPA, and, thus, it is unclear what Plaintiff means by the "AICPA Transaction."

Subject to and without waiving its objection, Defendant will designate a witness to testify concerning the agreement entered into between Zuora and Proquire, LLC, an affiliate of Accenture.

*13. Any investigations into the facts, circumstances, causes and events relating to the calculation of the Plaintiff's commission.*

Defendant objects to Topic Number 13 as not describing with reasonable particularity the testimony sought because the phrase "Plaintiff's commission" is vague and undefined, such that it is unclear whether the phrase refers to commissions paid to Plaintiff related to the opportunity that closed with Proquire, LLC, an affiliate of Accenture, or other commissions paid to Plaintiff.

Subject to and without waiving its objection, Defendant will designate a witness to testify as to any documented information concerning the calculation of the commission paid to Plaintiff with respect to the opportunity that closed with Proquire, LLC, an affiliate of Accenture.

*14. The calculation of the Plaintiff's commission.*

Defendant objects to Topic Number 14 as not describing with reasonable particularity the testimony sought because the phrase "Plaintiff's commission" is vague and undefined, such that it is unclear whether the phrase refers to commissions paid to Plaintiff related to the opportunity that closed with Proquire, LLC, an affiliate of Accenture, or other commissions paid to Plaintiff.

Subject to and without waiving its objection, Defendant will designate a witness to testify as to any documented information concerning the calculation of the commission paid to Plaintiff with respect to the opportunity that closed with Proquire, LLC, an affiliate of Accenture.

        Respectfully submitted,
**ZUORA, INC.,**

By its attorneys,

\_\_/s/ Elizabeth Monnin-Browder \_\_
Elizabeth Monnin-Browder (BBO# 679005)
*emonnin-browder@hrwlawyers.com*
Mark Macchi (BBO# 699029)
*mmacchi@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: June 16, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by email upon Plaintiff's attorney of record on June 16, 2022.

/s/ Mark Macchi
Mark Macchi (BBO# 699029)