UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN DEFUSCO,

                Plaintiff,

vs.

ZUORA, INC.,

                Defendant.

Civil Action No. 1:20-cv-12212-DJC

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

## INTRODUCTION

Defendant Zuora, Inc. ("Zuora") is entitled to summary judgment for the simple reason that Plaintiff Stephen DeFusco ("DeFusco") seeks to obtain a commission payment for a deal *that he never even worked on.* DeFusco was not entitled to commission because he did not close that deal; so, as a matter of fact and law, he is owed nothing, and his claims must fail.

During his employment with Zuora, DeFusco had pursued an opportunity with the ███████████████████████████████████████████████████████████████ But there is no dispute that neither DeFusco, nor Zuora, ever closed a deal with ██████, so ███ ██████████████████████████████████████████████████.

Separately, and without DeFusco's involvement, Zuora closed a different deal with a different customer, ████████████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████ Among other things, the ██████ █ involved ██████████████████████████████████████ ███████████████████████████████████████████ ██████████ Here, DeFusco is trying to recast the ██████████████ and the ████████ ███ as one and the same to assert that he is somehow owed commission on the ██████████ ██████████████████████████████. This attempt to conflate the ██████ ██████████████████ is, however, squarely refuted by record evidence. The bottom line is that Plaintiff did not close the ██████████ and did not earn any commission on it.

Under the ████████████, as well as the ████████, ██████████████████████ ████████████████████████. ████████████████████████████████████████ ██████████████████████████. As a result, Zuora does not owe DeFusco any

commission and did not violate the Wage Act or breach any contract with him.  Given the available legal remedies, DeFusco's equitable claims must also fail.

For these reasons, as well as the additional reasons set forth in this Memorandum, summary judgment should enter in favor of Zuora on all claims.

## STATEMENT OF UNDISPUTED FACTS[1]

The core undisputed facts needed to decide this motion are as follows: DeFusco tried to sell to ██████████████████, but that ██████████ did not close.[2]  Zuora's ██████████ closed a different deal with a different customer, ██████████, in a ██████████████████████, that was ██████████████████████████████████.[3]  DeFusco did not close that deal.[4]  In a situation like this, the ██████████████████████████████████████████████████████.[5]  Here, however, ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████.[6]  Plaintiff's claims fail, as a matter of law, for the simple reason that DeFusco is not entitled to commission on a deal he did not close.

A.  ██████████████████████:

On or about September 3, 2018, DeFusco started his employment with Zuora in the sales position of Enterprise Account Executive – East.  (SOF ¶ 1).  Zuora provides software as a service for businesses to launch and manage subscription-based services, including billing, cash collection, subscriber tracking, and revenue recognition.  (SOF ¶ 2).

---

[1] Zuora's Statement of Undisputed Facts, which it incorporates by reference, is referred to herein as "SOF."  Copies of cited documents and pages of deposition testimony are provided in the accompanying Exhibits.  All documents reproduced in the Exhibits to the SOF are true and accurate copies.
[2] (SOF ¶¶ 19, 22, 38).
[3] (SOF ¶¶ 42-45).
[4] (SOF ¶ 41).
[5] (SOF ¶¶ 9).
[6] (SOF ¶¶ 61, 62, 65).



(SOF ¶ 3).

[7,8] (SOF ¶ 4).

(SOF ¶ 6).

(*Id.*)

[9] Namely, pursuant to Section III.E.13

(SOF ¶ 7). In addition, the

specifies that the

(*Id.*). Likewise, pursuant to Section III.B.1 of the ,

(*Id.*).

[11] (SOF ¶ 8).

---

[7]                                                                      . (SOF ¶ 4).
[8]

(SOF ¶ 5).
[9]                                                                      . (SOF ¶ 7).
[10]                                                      . (SOF ¶ 8).
[11] DeFusco was a member of the US Team. (SOF ¶ 8).



. (SOF ¶ 9).

(SOF ¶ 10).

(*Id*.).

(SOF ¶ 11).[12]

,[13] .”[14] (SOF ¶¶ 13, 17).

(SOF ¶ 15).

(SOF ¶ 16).

. (*Id*.)

,

---

[12] (SOF ¶ 11.)

(*Id*.)

[13] (SOF ¶ 17.)

[14] (SOF ¶ 13.)

(*Id*.)



(*Id.*).[15]

**B.** ███████████████████████████████.

██████████████████████████████████████████

█████████████████████████████. (SOF ¶ 18). ██████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████ (*Id.*). ████████████████████████████████

(*Id.*).

████████████████████████████████████ (SOF

¶ 19). ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████[16,17]

(SOF ¶ 20). █████████████████████████ (SOF ¶ 21).

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ (*Id.*). ██████████████████████

██████████████████████ (*Id.*). █████████████████

████████████████████████████████████████

---

[15] ████████████████████████████████████████
(SOF ¶ 16.)

[16] ████████████████████████████████████████
████████████████████████████████ (SOF ¶ 23).

[17] ████████████ are global companies, with divisions in the UK, as well as the US.  (SOF ¶ 24).

(*Id.*). ███████████████████████████ (*Id.*).

█████████████████████████████████████

███████████████ (SOF ¶ 26). █████████████████

█████████████████████████████████████

██████████████████████ (*Id.*) █████████████

██████████████████ (SOF ¶ 27). ███████████████

███████████████████████ (SOF ¶ 26).

████████████████████████████

█████████████████████████ (SOF ¶ 28). ████████

█████████████████████████████████████

████████████████████████████████████

████ (*Id.*). ██████████████████████████

██████████████████████ (*Id.*).

███████████████████████████████

████████████████████████ (SOF ¶ 29). ███

█████████████████████████████████████

█████████████████████████████████████

██████████████████ (*Id.*). █████████████████

██████████████████████ (*Id.*).

**C.** █████████████████████████████

███████████████████████████████

███████████████████. (SOF ¶ 30). ███████████

█████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████ *(Id.)*. ██████████████████████████

███████████████████████ *(Id.)*. ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████[18] (SOF ¶ 31).

███████████████████████████████████████████

██████████████████████████████████████ (SOF ¶ 33).

**D.** ██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████.

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████ (SOF ¶ 34). ████████████

██████████████████████████████████████████

███████████████████████ *(Id.)*. ███████████████

██████████████████████████████████████████

███████████████████████ (SOF ¶ 35). ████████

██████████████████████████████████████████

███████████████████████ *(Id.)*.

---

[18] ███████████████████████████████████████████

███████████████████████████████████████████████

████████████ (SOF ¶ 32).

**E.** █████████

████████████████████████████████████████

███████████████████████████ (SOF ¶ 36). ██████████

████████████████████████████████████████

██████████████████████████ (SOF ¶ 37). █████████

███████████████████████████████████

███████████ (SOF ¶ 38). █████████████████████

████████████████████████████████████████

████████████████████████████████████

█████████ (SOF ¶ 36). ██████████████████████

██████████ (*Id.*). ████████████████████████

████████████████████ (*Id.*).

████████████████████████████████████████

(SOF ¶ 39). ██████████████████████████

████████████████████████████████████

██████████████████████ (SOF ¶ 40).

█████████████████████████████

████████████████████████████████████

██████████████████████ (SOF ¶ 41).

████████████████████████████████████████

██████████████████████████████████████,[19]

██████████████████████████████████████

---

[19] ████████████████████████ (SOF ¶ 42 n.1).



(SOF ¶¶ 42, 45).

(SOF ¶ 44).

(Id.)

(SOF ¶ 43).

(SOF ¶¶ 50, 51).

(SOF ¶ 47).

(SOF

---

(SOF ¶ 46).

(Id.).

(SOF ¶ 47 n.2).

(Id.).

████████████████████████████████████████ (*Id.*).

████████████████████████████████████████ (SOF ¶ 49). ████

████████████████████████████████████████

████████████████████████████████████████

██████████[23] ████████████████████████████

████████████████████████████████████ (*Id.*).

████████████████████████████████████████

████████████████████████████████ (SOF ¶ 50). ████

████████████████████████████████████



(*Id.*).

████████████████████████████████████████

████████████████████████████ (SOF ¶¶ 6, 52). ████████

████████████████████████████ (SOF ¶¶ 38, 52).

████████████████████████████████████████

████████████[24] (SOF ¶ 53). ████████████████████

████████████████████████ (SOF ¶ 54). ████████████

[22] ████████████████████████████████████████ (SOF ¶ 49).

[23] ████████████████████████████████████ (SOF ¶ 49 n.3).

[24] According to Exchange-Rates.org, on ████████████████████████████ (SOF ¶ 53 n.4).

████████████████████████████████████████████ (SOF ¶ 56).

**F.** ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████ (SOF ¶ 57). ████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ (SOF ¶ 58).

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████ (SOF ¶ 59).

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ (*Id.*).

████████████████████████████████████████

████████████████████████████████████████

███████████ (SOF ¶ 60). ██████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████ (*Id.*).

██████████████████████████████ (SOF ¶ 61). █

████████████████████████████████████████

████████████████████████████████████████

██████████████ [25] (SOF ¶ 62). ████████████████

████████████████████████████████████████ (*Id.*).

██████████████████████████████████████

(SOF ¶ 63). ████████████████████



(*Id.*)

██████████████████████████████████████

████████████████████████████████ (SOF ¶ 65).

██████████████████████████████

████████████████████████ (SOF ¶ 66).

DeFusco subsequently resigned from Zuora effective February 28, 2020.  (SOF ¶ 67).

## LEGAL STANDARD

Summary judgment is appropriate where, as here, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Mariasch v. Gillette Co.*, 521 F.3d 68, 71 (1st Cir. 2008); Fed. R. Civ. P. 56(a).  The evidence amassed during discovery confirms the absence of any genuine disputed material facts with respect to Plaintiff's

---

[25] ████████████████████████████████ (SOF ¶ 64).

claims.  Accordingly, summary judgment should enter in Defendant's favor on all claims.

**ARGUMENT**

I.      **Defendant is entitled to Summary Judgment on the Wage Act Claim (Count I).**

To establish a Wage Act claim, DeFusco must show that: (1) he was an employee under the Wage Act; (2) the compensation constitutes wages pursuant to the Wage Act; and (3) the Wage Act was violated. *Ellicott v. Am. Cap. Energy, Inc.*, 906 F.3d 164, 169 (1st Cir. 2018); *Micciche vs. N.R.I. Data & Bus. Prods., Inc.*, C.A. No. 09-11661-GAO, 2011 WL 4479849, at *6 (D. Mass. Sept. 27, 2011).  Commissions are covered by the Wage Act and payable only if they are "definitely determined" and "due and payable."  G.L. c. 149, § 148.  To ascertain whether a commission is "definitely determined" and "due and payable," a court applies the terms of the applicable contract.  *See Smith vs. Unidine Corp.,* No. SUCV2015-34172017 WL 4411249, at *4 (Mass. Super. July 25, 2017).

Here, DeFusco cannot demonstrate that the commission he claims to be owed is "due and payable" because he was not involved in closing the ██████████ . █████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ .

A.      **No Commission is "Due and Payable" to DeFusco.**

Commissions are considered "due and payable" only when all contingencies relating to their entitlement have been met. *Scalli v. Citizens Fin. Grp., Inc.*, C.A. No. 03-12413-DPW, 2006 WL 1581625, at *14 (D. Mass. Feb. 28, 2006).  The most basic of these contingencies is that an employee must close the sale. *See, e.g., Micciche*, 2011 WL 4479849, at *6 ("Of course, he is not entitled to commission on [] non-sales.").  Accordingly, commission is only "due and payable" when it is based on sales or revenue generated *by the individual employee seeking the*

*commission.* *Israel vs. Voya Inst. Plan Servs., LLC*, No. 15-CV-11914-ADB, 2017 WL 1026416, at \*4 (D. Mass. Mar. 16, 2017) (payments constitute commissions where majority of variable compensation was based on revenue only from accounts where plaintiff *personally persuaded* client to retain employer); *Feygina v. Hallmark Health Sys., Inc.*, No. MICV2011-03449, 2013 WL 3776929, at \*5 (Mass. Super. July 12, 2013) (where company agreed to pay percentage of profits generated *by employee's own practice*, such payments were commissions).



Here, DeFusco only worked on the ███████████, which did not close. (SOF ¶¶ 19, 38). Had it closed, the ████████████ would have involved ████████ ███████████████████████████████████ (SOF ¶¶ 20, 21).

████████████████████

████████████████████████████████████ (SOF ¶¶ 22, 37, 38, 41). █████████████████████████

███████████████████████

████████████████████████ (SOF ¶¶ 36, 37). ██████████

███████████████████ (SOF ¶¶ 40, 41). At that point,

Zuora's opportunity with ███████ had ended, and, at ████████████████████
████████████████████████████████████████ (SOF ¶¶ 36-42).

DeFusco had, at most, "limited" involvement after ██████████, and had no firsthand
knowledge of the █████████████ efforts in the ██████████████ to them closing the
████████. (SOF ¶ 41).[26] Thus, DeFusco did not satisfy the ████████ to earn
commission, such as ████████████████████████████████ (*Id.*)
████████████████████████████████████████████

████████████████████████████████████████████

(SOF ¶ 43). ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ (SOF ¶¶ 42-44). ████████

████████████████████████████████████████

████████ (*Id.*). ████████████████████████████████

████████████████████████████████ (SOF ¶ 47).

Because DeFusco worked on a separate opportunity that never closed, and was not
involved in closing the ██████████, the commission payment he claims he is entitled to for
the ██████████ is simply not "due and payable." *See Scalli*, 2006 WL 1581625, at *14.
Indeed, where, like here, the undisputed record shows that a salesperson has not closed a deal, a
claim by that salesperson for commission on that deal necessarily fails as a matter of fact and
law. *See id.* Any other outcome would render the condition that commission must be "due and

---

[26] Zuora does not concede that DeFusco had even "limited" involvement during that time, but even construing the
record in the light most favorable to DeFusco for purposes of this motion, DeFusco's claims still must fail because
he did not satisfy ██████████████ to earn commission on the ██████████.

payable," as well as the very purpose of the Wage Act, to be utterly meaningless. *See id.*; *see also Gillespie v. Shaw's Supermarkets, Inc.*, C.A. No. 2084CV00105BLS1, 2021 WL 4513978, at *2 (Mass. Super. July 21, 2021) (citing *Lipsitt v. Plaud*, 466 Mass. 240, 245 (2013)) (no basis for Wage Act Claim where no unreasonable detention of wages because plaintiffs received the compensation that they were told they would receive when they were entitled to receive it).

**B.** **Pursuant to the ██████, Zuora ████████████████████████████████████.**

When a ████████████ grants an employer discretion in adjusting or awarding compensation, including commissions, courts enforce those provisions and uphold the employer's use of discretion. *See, e.g.*, *Vonachen v. Comput. Assocs. Int'l, Inc.*, 524 F.Supp.2d 129, 134 (D. Mass. 2007) (employer did not violate Wage Act when it adjusted booking value of sale, which resulted in employee receiving less commission, where compensation plan gave employer broad discretion to adjust booking values); *Klauber v. VMware, Inc.*, No. CV 19-12498-FDS, 2022 WL 1175076, at *10–11 (D. Mass. Apr. 20, 2022) (finding "no breach [of Wage Act or contract] because the terms and conditions allowed [employer] to adjust plaintiff's commissions for Exceptional Transactions and Large Deals […] and [employer] simply exercised that discretion to adjust plaintiff's potential commissions on those deals."); *Daly v. T-Mobile USA, Inc.*, 93 Mass. App. Ct. 1123 at *4 (2018) (employer could modify commission payments on certain deals where the right to make such modifications with regard to those deals was expressly reserved in employer's sole discretion in employment manual). If an employer exercises such discretion, and makes a determination regarding a commission, an employee cannot, as a matter of law, claim to be owed an additional amount. *See id.*

Under the ████, the ████████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████ (SOF ¶ 7). ████████████████

██████████████████████████████████████████████ (*Id.*).

    The ██████████ does not alter Zuora's ████████████████████. It only includes

████████████████████████████████████████████████████████████

██████████ (SOF ¶¶ 11, 13). ██████████████████████████████████████

█████████████████████████████████████████████ (*Id.*).

    Here, Zuora ███████████████████████████████████████████████

███████████████████████████████████████ (SOF ¶¶ 65-66).

When the ████████████████ was still viable, the ██████████ had ██████████████

██████████ and, in accordance with the ██████████, the ████████████████████████

███████████████████████████████████████ (SOF ¶¶ 30, 57).

But that potential ████████████████████████████, which, because of ██████████████

████████████████████████████████████████████████

██████████ (*Id.*). Once the ████████████████████, and the ██████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████ (SOF ¶¶ 38,

40). As a result, the ██████████ did not ████████████████████████████████████

████████████████████████████████████████████████

██████████ (SOF ¶¶ 9, 41). Nevertheless, Zuora ████████████████████████

████████████████████████████████████████. (SOF ¶¶ 62, 65).

This decision was made ██████████████████████████████████████████████

███████████████████████████████████████ (SOF ¶¶ 59, 60, 62).

    Given this ████████████████████, no additional commission payment amount is

"due and payable," and DeFusco's Wage Act claim must be dismissed as a matter of law.

## II.    Defendant is Entitled to Summary Judgment on Plaintiff's Quantum Meruit, Unjust Enrichment, and Detrimental Reliance Claims (Counts II, III, VI).

Claims of unjust enrichment and quantum meruit "represent alternative theories of recovery that can only be awarded where no express contract covers the matter." *Fine v. Guardian Life Ins. Co. of Am.*, C.A. No. 3:18-300067-KAR, 2022 WL 673663, at *6 (D. Mass. Mar. 7, 2022); *see also Scarpaci v. Lowe's Home Ctr.*, 212 F.Supp.3d 246, 253 (D. Mass. 2016). It is the availability of a remedy at law, not the viability of that remedy, that prohibits an equitable claim such as quantum meruit or unjust enrichment. *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (D. Mass. 2017); *Reed v. Zipcar, Inc.*, 883 F.Supp.2d 329, 334 (D. Mass. 2012). Similarly, detrimental reliance claims are equitable remedies only available in the absence of a contract. *Robinson v. Spencer Stuart, Inc.*, C.A. No. 13-10278-RWZ, 2015 WL 12732421, at *5 (D. Mass. 2015) (discussing legally identical promissory estoppel claim). A detrimental reliance claim cannot provide more relief than a party would have been contractually entitled to. *See Salonen v. Paananen*, 320 Mass. 568, 573 (1947).

The ▮▮▮ provides an available, but ultimately unsuccessful, remedy at law for DeFusco. Because of this, his quantum meruit, unjust enrichment, and detrimental reliance claims must all be dismissed. *See Fine*, 2022 WL 673663 at *6; *Scarpaci*, 212 F.Supp.3d at 253; *Shaulis*, 865 F.3d at 16; *Reed*, 883 F.Supp.2d at 334; *Robinson*, 2015 WL 12732421, at *5; *see also Lawson v. Affirmative Equities Co., L.P.*, 341 F. Supp. 2d. 51, 65–67 (D. Mass. 2004) (unjust enrichment and estoppel claims dismissed as "superfluous" where no allegation of lack of binding contract).

## III.    Summary Judgment is Warranted on Breach of Contract Claim (Count IV).

To prevail on a breach of contract claim under Massachusetts law, DeFusco must show: (1) the existence of a valid and binding contract, (2) that defendant breached the terms of the

contract, and (3) that plaintiff has suffered damages from the breach.[27] *Lockwood v. Madeiros*, 506 F. Supp. 3d 73, 78–79 (D. Mass. 2020).

As detailed above, Zuora did not fail to pay DeFusco a commission. It therefore did not, as a matter of law, breach the terms of either the █████ or █████████ [28] *See id.; see also Smith*, 2017 WL 4411249, at *4 (conclusion that commissions were not earned and due and payable "necessarily resolves plaintiffs' claims for breach of contract"); *Trent v. ADT Sec. Services, Inc.*, C.A. No. 11-11912-RGS, 2013 WL 4512052, at *7 (D. Mass. Aug. 22, 2013) (breach of contract claim dismissed where no competent evidence suggesting employer failed to pay commissions.)

## IV. Defendant is Entitled to Summary Judgment on Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count V).

Every contract in Massachusetts is subject to an implied covenant of good faith and fair dealing. *Robert & Ardis James Found v. Meyers*, 474 Mass. 181, 188 (2016). However, this implied covenant "may not be 'invoked to create rights and duties not otherwise provided for in the existing contractual relationship, but rather concerns the manner of performance.'" *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 385 (2005) (quoting *Uno Rests., Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385 (2004)). To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show that one party has violated the reasonable expectations of the other. *Chokel v. Genzyme Corp.*, 449 Mass. 272, 277–78 (2007).

DeFusco claims that Zuora acted in bad faith when it ████████████████████ ████████████████████████████████████████ (Complaint ¶ 70). But the undisputed

---

[27] In addition, the █████████████████████████████████████████████
████████████████████████████████████████████████████ (SOF ¶¶ 4, 68).
[28] DeFusco did not satisfy the first prong to establish a valid and binding contract. Among other things, DeFusco did not even demonstrate that he signed the █████████, let alone show that the parties had reached agreement as to its material terms or that such terms are sufficiently definite. *See Lockwood*, 506 F. Supp. 3d at 79. (SOF ¶ 12).

evidence demonstrates that it was ███████ itself, not Zuora, that decided to forego ███████ ███████ and instead contract with ███████ for ███████.  (SOF ¶¶ 36–41).  After ██████ made this decision and asked that the ███████████, DeFusco had no reasonable expectation of a commission.  *See Salls v. Dig. Fed. Credit Union*, 349 F.Supp.3d 81, 89 (D. Mass. 2018).  As a result, as a matter of law, Zuora is entitled to summary judgment on the breach of the implied covenant of good faith and fair dealing claim.  *See id*.

## V.    <u>Plaintiff is Entitled to Summary Judgment on Accounting Claim (Count VII).</u>

The existence of a fiduciary relationship is a prerequisite for an equitable accounting claim under Massachusetts law.  *Beram v. Ceaco, Inc.*, 219 F. Supp. 3d 274, 282 (D. Mass. 2016); *In re McCabe*, 345 B.R. 1, 10 (D. Mass. 2006).  An employer-employee relationship, on its own, is not enough to demonstrate a fiduciary relationship.  *Colella v. Children's Hospital Corp.*, No. 14-11687-LTS, 2014 WL 12581775, at *4 (D. Mass. Nov. 4, 2014).

Nothing in the record suggests any sort of special relationship that would cause Zuora to have a fiduciary duty towards DeFusco.  Without a fiduciary relationship, DeFusco is not entitled to an equitable accounting.  *See Beram*, 219 F. Supp. 3d at 282.  DeFusco's failure to establish a fiduciary relationship is dispositive, and his accounting claim must fail for this reason alone.

An equitable accounting is not available for the additional reason that DeFusco had an opportunity to seek the same documents through discovery.[29]  *See Romano v. Site Acquisitions, Inc.*, C.A. No. 15-CV-384-AJ, *2016 WL 50471, at *4 (D.N.H. Jan. 4, 2016); *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, C.A. No. 12-61670-CIV, 2013 WL 6768641, at *11 (S.D. Fla. Dec. 20, 2013) (equitable accounting is not a substitute for available, permissible discovery).

---

[29] DeFusco seeks an accounting of the "revenues, costs, and expenses incurred by Zuora related to the ███████ ████" (Complaint ¶ 79(a)).  However, DeFusco has already requested and received documents from Zuora related to the revenue generated by the ███████ as part of his First Request for Production of Documents.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court enter

summary judgment for Defendant on all counts of Plaintiff's Complaint.

Respectfully submitted,
**ZUORA, INC.,**

By its attorneys,

*/s/ Elizabeth E. Monnin-Browder*
Elizabeth Monnin-Browder (BBO# 679005)
*emonnin-browder@hrwlawyers.com*
Bernard D. Posner (BBO# 659020)
*bposner@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA 02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: September 15, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing and
paper copies will be sent to those indicated as non-registered participants on September 22, 2022.

*/s/ Elizabeth E. Monnin-Browder*
Elizabeth Monnin-Browder