UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN DEFUSCO,

          *Plaintiff*,

    v.

ZUORA, INC.,

          *Defendant*.

CIV. A. NO. 1:20-CV-12212-DJC

**LEAVE TO FILE GRANTED ON 9/15/22**

### PLAINTIFF, STEPHEN DEFUSCO'S, MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANT, ZUORA, INC.'S, MOTION FOR SUMMARY JUDGMENT

### FACTS

[REDACTED]

DeFusco started working at Zuora on September 3, 2018. See DeFusco Affidavit at paragraph 2 (hereinafter "DeFusco Aff. at para.___"). DeFusco's title was Enterprise Account Executive-East. DeFusco Aff. at para. 2. [REDACTED] DeFusco Aff. at para. 2.

[REDACTED] DeFusco Aff. at para. 3. [REDACTED]

DeFusco Aff. at para. 3. [REDACTED]. DeFusco Aff. at para. 3.

[REDACTED]

1

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████ DeFusco Aff. at para. 4. ██████████████████████

██████████████████████████████████████████████████████

████████████████████████████ DeFusco Aff. at para. 4. ██████

██████████████████████████████████████ DeFusco Aff. at para. 4.

█████████████████████████████████████████████

█████████████████████████████████████████████████

DeFusco Aff. at para. 5. ███████████████████████████

████████████████████ DeFusco Aff. at para. 5.

██████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ DeFusco Aff. at para. 5.████████

████████████████████████████████████████████████████████

████ DeFusco Aff. at para. 5.

████████████████████████████████████████████

██████████████████████████████████ See Exhibit I ██████

████████████ and DeFusco Aff. at para. 6. ████████████

████████████████████████ DeFusco Aff. at para. 6. ████████

██████████████████████████████ DeFusco Aff. at para. 6.

██████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████ DeFusco Aff. at para. 7.

████████████████████████████████████████████████████████

██████████████████████████████ DeFusco Aff. at para. 7. ██████

2

DeFusco Aff. at para. 7.

DeFusco Aff. at para. 8.

DeFusco Aff. at para. 8.

DeFusco Aff. at para. 9.

DeFusco Aff. at para. 9.

DeFusco Aff. at para. 9.

DeFusco Aff. at para. 9.

DeFusco Aff. at para. 10.

██████████████████████████████████████████████████████████████

███████████████████████████████████ DeFusco Aff. at para. 10. █████████████

█████████████████████████████ DeFusco Aff. at para. 10.

      ████████████████████████████████████████████

████████████████████████████████████████████████████████ DeFusco Aff. at para. 11. ████████████████████████████████████

█████████████████████████████████████████████████ See Ex. E ███████████

███████████████████████████████████████████████████

████████████████████████████████ ██████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████. See Ex. E, ████████

████████████████████████████

      ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████

██████████████████████████████████████████████████████████████
████████████████████████████████

      ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████ See Exhibit Z ███████████████████████████████ ████████████

████████████████████████████████████████████████ Id. ████████████

██████████████████████████████████████████████████████████████

Id. ██████████████████████████████████████████████████████████

4

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████   ██████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████  ██████████████

   ██████████████████████████████████████████████

████████████████████████████████ Id. ██████████████████████

██████████████████████████████████████████████████████ Id.

██████████████████████████████████████████████████████████

████ Id ██████████████████████████████████████

████████████████████ Id. ██████████████████████████████████

██████████████████████████████████████████████ Id. ████████

██████████████████████████████████████████████████████████

████████████████ Id.

████████████████████████████████████████████████

   ██████████████████████████████████████████████████

████   DeFusco Aff. at para.11. ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████   See Ex. E ████████████████████████████   ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████ Id. ██████████████████████████████████████

██████████████████████████████████████████████████████████

5

▮▮▮▮ Id.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ DeFusco Aff. at para. 11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ DeFusco Aff. at para. 12. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DeFusco Aff. at para. 12.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

DeFusco Aff. at para. 13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DeFusco Aff. at

para. 13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DeFusco Aff. at para. 13. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DeFusco Aff. at para. 14.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████ DeFusco Aff. at para. 15.

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████ See Exhibit W ███████████████████████████████████ █████████████████

█████████████████████████████████████████████████ See Exhibit V █████████████

████████████████████████████████████████████████████████████████ Id.

██████████████████████████████████████████████████████████████████████████

█████████████████████ Id. █████████████ ██████████████████████████

██████████████████████████████████████████████████████

█████████████████████████ See Ex. C ██████████████████████████████████

█████████

██████████████████████████████████████████████████████████████

████████████████████████ DeFusco Aff. at para. 16. ████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ DeFusco Aff. at para. 16.

██████████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████ See Ex. D█

████████████████████ ████████████████████████

████████████ DeFusco Aff. at para 17. ████████████████

████████████████████████████████████

████████████████████████ DeFusco Aff. at para 17. ██████

██████████████████████████████████████████

████████████████████████████████████

DeFusco Aff. at para 17.

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████ DeFusco

Aff. at para 17. ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████ See Ex. D█

████

████████████████████████████ DeFusco Aff. at para. 18.

██████████████████████████████████████

DeFusco Aff. at para. 18. ████████████████████████

██████████ See Ex. D█

██████████████████████████████████████ DeFusco Aff. at

para. 18.

8



DeFusco Aff. at para. 19.

## ARGUMENT

### A. Standard on Summary Judgment.

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To succeed on a motion for summary judgment, the moving party must demonstrate that there is an "absence of evidence to support the nonmoving party's case." Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) ). The burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue of material fact for trial. Quinones v. Buick, 436 F.3d 284, 289 (1st Cir. 2006).

A genuine issue exists where the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is "one that has the potential of affecting the outcome of the case." Calero–Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986) ). "[T]he summary judgment standard requires absolute deference to the nonmovant's factual assertions as long as those assertions are put forward on personal knowledge or otherwise documented by materials of evidentiary quality…" Morelli v. Webster, 552 F.3d 12, 18–19 (1st Cir. 2009).

9

**B.** █████████████████████████████████████████
█████████████████████████████████████

To state a claim under the Massachusetts Wage Act, G.L. c. 149, § 148, a plaintiff must allege that (1) he was an employee under the statute, (2) his form of compensation constitutes a wage under the statute, and (3) the defendants violated the Act by not paying his wages in a timely manner.  Stanton v. Lighthouse Fin. Servs., Inc., 621 F. Supp. 2d 5, 10 (D. Mass. 2009).  The "basic purpose" of the Wage Act is "to prevent the unreasonable detention of wages."  Weems v. Citigroup Inc., 453 Mass. 147 (2009).  The Wage Act applies "so far as apt, to the payment of commissions when the amount of such commissions... has been definitely determined and has become due and payable to such employee ...."  See G.L. c. 149, § 148.

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████
    █████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████
    █████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

10

11

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

**C.** ██████████████████████████████████████████████████
██████████████████████████████████████████

To establish a claim for quantum meruit, a plaintiff must prove that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment. <u>Dinan v. Alpha Networks Inc.</u>, 857 F. Supp. 2d 162, 168 (D. Me. 2012); <u>Uncle Henry's Inc. v. Plaut Consulting Co., Inc.</u>, 399 F.3d 33, 45-46 (1st Cir. 2005). The measure of recovery is the reasonable value of the services provided. <u>Dinan</u>, 857 F. Supp. 2d at 168.  As noted by the Massachusetts Supreme Judicial Court, quantum meruit is "a theory of recovery, not a cause of action ... [i]n a case involving an unenforceable contract, we allow[ ] quantum meruit recovery, basing our reasoning on the theory of unjust enrichment. A person who has been unjustly enriched at the expense of another is required to make restitution to the other." <u>J. A.Sullivan Corp. v., Commonwealth</u>, 397 Mass. 789, 793–94 (1986).

██████████████████████████████████████████████████████████

██ ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████ Unjust Enrichment is defined as "retention of money or property of another against the fundamental principles of justice or equity and good conscience." <u>Santagate v. Tower</u>, 64 Mass. App. Ct. 324, 329 (2005) (internal citations omitted).  To state a claim for unjust enrichment, a plaintiff must show: (1) a benefit conferred

12

upon defendant by plaintiff; (2) an appreciation or knowledge by defendant of the benefit; and (3) that acceptance or retention of the benefit under the circumstances would be inequitable without payment for its value. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 57 (1st Cir. 2009); In re Lupron Mktg. & Sales Practices Litig., 295 F. Supp. 2d 148, 182 (D. Mass. 2003). "A claim of unjust enrichment is appropriate 'where an agreement is too indefinite to be enforced ... [or] where no contract is made because each of the parties had a material different understanding of the terms. McDonell v. McDonell, No. 013421, 2005 WL 1156203, 4 (Mass.Super. April 29, 2005)(quoting 1–1 *Corbin on Contracts* § 1.20(b)).

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████

In Massachusetts, the "essential factors giving rise to an estoppel are ... (1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2) An act or omission resulting from the representations, whether actual or by conduct, by the person to whom the representation is made. (3) Detriment to such a person as a consequence of the act or omission." Presto v. Sequota Systems. Inc., 633 F. Supp. 1117, 1120 (D. Mass. 1986)(citing Cellucci v. Sun Oil Co., 2 Mass App. 722, 728, 320 N.E.2d 919 (1974), *aff'd,* 368 Mass. 811, 331 N.E.2d 813 (1975).

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████

13

D. ██████████████████████████████

To state a claim for breach of contract under Massachusetts law, a plaintiff must allege "that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform." Lamonica v. Fay Servicing, LLC, 352 F. Supp. 3d 138, 140 (D. Mass. 2018). As set forth above, DeFusco is entitled to recover under the Wage Act or, at the very least, there are genuine issues of material fact for the jury to decide. ████████████████████████████████████████████████████████████

E. ████████████████████████████████ ████████████████████████████████

"Under Massachusetts law, 'every contract implies good faith and fair dealing between the parties to it.' " Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237–38 (1st Cir.2013). The implied covenant of good faith and fair dealing provides that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to the fruits of the contract." Id. In other words, "the parties to a contract implicitly agree 'to deal honestly and in good faith in both the performance and enforcement of the terms of their contract.' " Bacliff v. CitiMortgage, Inc., 952 F.Supp.2d 371, 381 (D.Mass.2013), aff'd, 772 F.3d 925 (1st Cir.2014). "A party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract." Massachusetts v. Schering–Plough Corp., 779 F.Supp.2d 224, 240 (D.Mass.2011) (quoting Speakman v. Allmerica Fin. Life Ins., 367 F.Supp.2d 122, 132 (D.Mass.2005)).

████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

14

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████

**F.**   ███████████████████████████████████████████████████████

To state a cause of action for 'accounting,' [a] plaintiff must establish that there was a fiduciary relationship between the parties." Pearson v. Bank of N.Y. Mellon, No. 14-12359-TSH, 2014 WL 3849969, at *3, 2014 U.S. Dist. LEXIS 106457, at *10 (D. Mass. Aug. 4, 2014); see also Chedd–Angier Prod. Co. v. Omni Publ'ns Int'l, Ltd., 756 F.2d 930, 937 (1st Cir. 1985). Although it is generally accepted that an employer-employee relationship does not create a fiduciary duty, exceptions do exist. See Gishen v. Dura Corp., 362 Mass. 177 (1972). In Gishen, "plaintiff sued his company for breach of contract for failing to pay commissions due. 285 N.E.2d at 178. The company had allegedly advised plaintiff of the amount owed, and the parties reached an agreement based on the numbers the company had provided to the plaintiff. Id. at 178-79. As it turned out, however, those numbers were wrong. Id. Because the company had sole access to the information needed to make the calculation and had the obligation to make the correct calculation, the Court allowed the employee an accounting. Id. at 184-85.

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

15

## **CONCLUSION**

For the foregoing reasons, summary judgment should be denied.

<div style="text-align: right;">

Respectfully submitted
Stephen DeFusco
By his attorney,

*Ronald W. Dunbar, Jr.*

Ronald W. Dunbar, Jr.
dunbarlawpc.com
Dunbar Law PC
Ten Post Office Square
Suite 800 South
Boston, MA 02109
617-244-3550

</div>

Dated:  October 21, 2022

16

## **CERTIFICATE OF SERVICE**

       I hereby certify that this document has been filed through the CM/ECF system on October 21, 2022, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that nonregistered participants have been served this day by email.

                                      */s/ Ronald W. Dunbar, Jr.*
                                      Ronald W. Dunbar, Jr., BBO No. 567023